**E-FILED**
Friday, 09 March, 2012  01:28:11 PM
Clerk, U.S. District Court, ILCD

## IN THE UNITED STATES DISTRICT COURT
## FOR THE CENTRAL DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| LeRoy G. Hagenbuch, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| | ) | |
| v. | ) | Civil Action No. _____ |
| | ) | |
| | ) | |
| Komatsu America Incorporated, | ) | JURY TRIAL DEMANDED |
| | ) | |
| Defendant, | ) | |

## COMPLAINT

Plaintiff LeRoy G. Hagenbuch ("Plaintiff" or "Mr. Hagenbuch"), by and through his attorneys, for its Complaint against Defendant Komatsu America Corporation ("Komatsu America" or "Defendant"), demanding trial by jury, hereby alleges as follows:

### I.    THE PARTIES

1.    Plaintiff Mr. Hagenbuch is an individual residing at 1425 East Glen Avenue, Peoria Heights, Illinois 61616.

2.    Defendant Komatsu America is a corporation organized and existing under the laws of the State of Georgia, with its principal place of business located at 1701 Golf Road, Rolling Meadows, Illinois 60008.

3.    Defendant Komatsu America maintains manufacturing facilities in Peoria Illinois at 2300 North East Adams Street.

### II.    JURISDICTION AND VENUE

4.    This action includes claims for patent infringement and arises under the Patent Laws of the United States, in particular, 35 U.S.C. §§271, 281, 283, 284 and 285. This Court has jurisdiction over the subject matter of this action under 28 U.S.C. §§1331 and 1338(a).

5.     This Court has personal jurisdiction over the Plaintiff Mr. Hagenbuch and the Defendant Komatsu America, and venue is proper in this Court pursuant to 28 U.S.C. §§1391(b), (c) and 1400.

## III.   FACTUAL ALLEGATIONS

6.     Mr. Hagenbuch is a licensed professional engineer working for an engineering design firm that specializes in the design and manufacturing of specialty bodies for haulage vehicles.

7.     Mr. Hagenbuch holds over 50 United States patents and numerous foreign patents primarily in technology areas related to haulage vehicles.

8.     In 1984, Hagenbuch filed the first of several United States patent applications for an onboard data acquisition system known by the name OBDAS. OBDAS is an acronym for "onboard data acquisition system."

9.     An OBDAS system includes a processor and sensors for mounting to a haulage vehicle and preferably includes a sensor for determining the weight of a load carried by the haulage vehicle. Other sensors of the OBDAS system provide additional information about the operation of the vehicle. The OBDAS system operates to display information to an operator of the haulage vehicle. It can also be integrated into communications networks by way of a transceiver on-board the haulage vehicle, which connects the OBDAS system to the network that enables real time downloading of the information collected from the OBDAS system. Once the OBDAS system is network enabled, the real-time downloading of information from several haulage vehicles can be collected and analyzed to provide additional features such as the coordinated dispatching of the several haulage vehicles.

10.    In mid 1988, Mr. Hagenbuch contacted Komatsu Ltd. regarding the OBDAS system. Komatsu Ltd. is the Japanese parent company of the Defendant Komatsu America. Nothing came from this initial contact.

11.    In early 1989, Mr. Hagenbuch contacted Komatsu-Dresser Company (Komatsu Dresser) regarding the OBDAS system, which is the predecessor of Defendant

2

Komatsu America and at the time was a joint venture between Komatsu Ltd. and Dresser Industries. Nothing came from this contact.

12.    Later in 1989, Mr. Hagenbuch wrote to Komatsu-Dresser advising that United States Patent Nos. 4,831,539 and 4,839,835 had issued in his name and concerned the technology embodied in the OBDAS system. Mr. Hagenbuch invited Komatsu-Dresser to enter into a license agreement for the technology protected by the patents. There was no immediate response.

13.    In late 1990, Komatsu-Dresser wrote to Mr. Hagenbuch and inquired about "terms and conditions" of a license. At that time, Mr. Hagenbuch was engaged in licensing negotiations with Caterpillar Inc. that resulted in the execution of a license agreement with that company in 1991.

14.    In the late summer of 1991, Komatsu-Dresser renewed its previously expressed interest in "terms and conditions" of a license agreement.

15.    Licensing negotiations between Mr. Hagenbuch and Komatsu-Dresser began in 1992. On September 8, 1992, a meeting occurred in Chicago between Mr. Hagenbuch and his attorney John Conklin and Komatsu-Dresser attorneys Michael Singer and Edward Fiorito. The meeting resulted in general agreement of terms and conditions for a royalty rate to license Komatsu-Dresser's then current commercial weighing system for its haulage vehicles. Details were left for representatives of each party to work out after the meeting. Mr. Hagenbuch began working with Mr. James Ballew of Komatsu-Dresser to prepare an outline of a formal written license agreement.

16.    Mr. Hagenbuch authored a document entitled "Items for Consideration Regarding Hagenbuch and Komatsu Dresser Licensing Negotiations" (hereinafter called "Punch List"), which was intended to be the outline for the formal written license agreement with Komatsu.

17.    Ultimately, the Punch List became Attachment F of an executed license agreement between Mr. Hagenbuch and Komatsu-Dresser (the "Patent License Agreement") that was executed by Mr. Hagenbuch and Komatsu-Dresser on

3

March 25, 1994.  The parties expressly agreed that Illinois law controls the "validity and interpretation" of the Patent License Agreement.

18. Upon information and belief, later in 1994, Komatsu Ltd. bought Dresser Industries share of Komatsu-Dresser and in 1996 it became Komatsu America International Company.  In about 2002, Komatsu America International Company was re-named to Defendant Komatsu America.

19. Upon information and belief, in 1996, Komatsu America bought a controlling interest in Modular Mining Corporation ("Modular").

20. The last of the patents subject to the license agreement issued in 1998.  Fifteen (15) United States patents issued to Mr. Hagenbuch are subject to the Patent License Agreement.

21. In 2003, Mr. Hagenbuch and Defendant Komatsu America entered into an agreement acknowledging the transition of Komatsu-Dresser to Komatsu America and providing Komatsu Ltd. with a sub-license to the Patent License Agreement.

22. The Patent License Agreement provides Komatsu America with a license to "Licensed Product," which is defined to be Komatsu America's "On-Board Weighing System and any other system for transmitting or receiving Vehicle Management Information," but limits the use of such systems to non-real-time downloading of information subject to two exceptions.  The two exceptions are (1) when the Komatsu America system is used in networks providing real time downloading existing as of the effective date of the Patent License Agreement and (2) when the Komatsu America system is used in networks providing real time downloading that are custom made by the purchaser of the Komatsu America system.

23. Upon information and belief, Modular is now a subsidiary of Komatsu America.

24. Upon information and belief, Komatsu America introduced in 2006 a satellite-based tracking system called Komtrax.  Komtrax is now and has been for some time standard equipment on all Komatsu America construction equipment.  It provides equipment production information such as fuel usage, idle time and load

4

factors in real time to remote locations for monitoring and controlling the equipment.

25. Upon information and belief Komatsu America is, and has been since at least the time of its purchase of a controlling interest in Modular, inducing its customers to transmit information in real time from Komatsu America's on-board weighing systems or other systems on-board the Komatsu vehicles providing vehicle management information. Such use of these systems is not within the two exceptions and, therefore, violates the use restrictions of the Patent License Agreement.

26. Upon information and belief Komatsu America is, and has been since 2006, inducing its customers to transmit production information in real time from Komatsu America's Komtrax systems to remote locations for monitoring and controlling vehicles. Komatsu America has not paid royalties for Komtrax pursuant to the Patent License Agreement. Use of Komtrax for transmitting real time information is not within the scope of the license granted to Komatsu America in the Patent License Agreement.

27. On October 6, 2010, Mr. Hagenbuch met with representatives of Komatsu America to discuss the relevance of Komatsu America's real time transmission of information from its trucks to Modular's truck management systems (or other vehicle control systems). At that meeting, Komatsu America announced for the first time its position that all of the patents subject to the Patent License Agreement lapsed no later than 2006. Upon information and belief, Komatsu America treated the Patent License Agreement as terminated and refused to engage Mr. Hagenbuch in mandatory mediation provided for in the Patent License Agreement. Komatsu America also refused to provide Mr. Hagenbuch with technical information to support its assertion at the meeting that the licensed patents were not infringed by the real time downloading of information to Modular systems.

28. Komatsu America has honored none of its obligations under the Patent License Agreement since the October 6, 2010 meeting.

5

29.    On January 17, 2012, the United States Patent and Trademark Office issued a
       Reexamination Certificate No. 5,416,706 C1 repudiating the Komatsu America
       position that all of the patents subject to the Patent License Agreement lapsed no
       later than 2006.  Komatsu America has been informed of this repudiation, but has
       refused to engage Mr. Hagenbuch in a substantive conversation.

                              THE PATENTS IN-SUIT

30.    Plaintiff Mr. Hagenbuch is the assignee and sole owner of all right, title and
       interest in and to:

       •   United States Patent No. 5,742,914, issued on April 21, 1998, for "Apparatus
           and Method for Responsive to the On-Board Measuring of Haulage
           Parameters of a Vehicle" (the '914 patent"), a true and correct copy of which
           is attached hereto as Exhibit 1;

       •   United States Patent No. 5,650,930, issued on July 22, 1997, for "Apparatus
           and Method Responsive to the On-Board Measuring of Haulage Parameters of
           a Vehicle" (the '930 patent"), a true and correct copy of which is attached
           hereto as Exhibit 2;

       •   United States Patent No. 5,650,928, issued on July 22, 1997, for "Apparatus
           and Method Responsive to the On-Board Measuring of Haulage Parameters of
           a Vehicle" (the '928 patent"), a true and correct copy of which is attached
           hereto as Exhibit 3;

       •   United States Patent No. 5,631,832, issued on May 20, 1997, for "Apparatus
           and Method Responsive to the On-Board Measuring of Haulage Parameters of
           a Vehicle" (the '832 patent"), a true and correct copy of which is attached
           hereto as Exhibit 4;

       •   United States Patent No. 5,528,499, issued on June 18, 1996, for "Apparatus
           and Method Responsive to the On-Board Measuring of Haulage Parameters of
           a Vehicle" (the '499 patent"), a true and correct copy of which is attached
           hereto as Exhibit 5;

                                        6

- United States Patent No. 5,327,347, issued on July 5, 1994, for "Apparatus and Method Responsive to the On-Board Measuring of Haulage Parameters of a Vehicle" (the '347 patent"), a true and correct copy of which is attached hereto as Exhibit 6;

- United States Patent No. 4,839,835, issued on June 13, 1989, for "Apparatus and Method Responsive to the On-Board Measuring of the Load Carried by a Truck Body" (the '835 patent"), a true and correct copy of which is attached hereto as Exhibit 7; and

- United States Patent No. 4,831,539, issued on May 16, 1989, for "Apparatus and Method for Locating a Vehicle In A Working Area and for the On-Board Measuring of Parameters Indicative of Vehicle Performance" (the '539 patent"), a true and correct copy of which is attached hereto as Exhibit 8.

Collectively, these patents are referred to herein as the "Patents in Suit."

31.     Plaintiff Mr. Hagenbuch is the sole owner of all right, title and interest in and to the Patents in Suit.

## IV.    PLAINTIFF'S CLAIMS

### COUNT ONE-BREACH OF CONTRACT

32.     Plaintiff Mr. Hagenbuch re-alleges and incorporates herein paragraphs 1-31.

33.     Plaintiff Mr. Hagenbuch and Defendant Komatsu America entered into a valid written contract in the form of the Patent License Agreement.

34.     Defendant Komatsu America breached the Patent License Agreement by unilaterally terminating it without submitting the decision to arbitration as required by the agreement.

35.     Defendant Komatsu America breached the Patent License Agreement by failing to account for all royalty bearing units as defined in the Patent License Agreement in previous annual royalty payments.

36.     Defendant Komatsu America breached the Patent License Agreement by inducing its customers to infringe the Patent In Suit.

7

37.    Notwithstanding the express obligations set forth in the Patent License Agreement, Defendant Komatsu America has engaged in real-time downloading of information in a manner outside the grant provided by the Patent License Agreement which results in the infringement of the Patents In Suit.

38.    Defendant Komatsu America has violated the Patent License Agreement by failing to negotiate and pay additional license fees owed to Mr. Hagenbuch there under for the use of the patented technology restricted from the Patent License Agreement.

39.    Defendant Komatsu America has violated the Patent License Agreement by breaching an implied covenant of good faith and fair dealing.

40.    Defendant Komatsu America's aforementioned acts have caused damage to Mr. Hagenbuch and will continue to do so unless and until enjoined.

COUNT TWO-PATENT INFRINGEMENT

U.S. PATENT NO. 5,742,914

41.    Plaintiff Mr. Hagenbuch re-alleges and incorporates herein paragraphs 1-40.

42.    Defendant Komatsu America has directly infringed, induced infringement of, and/or contributed to the infringement of the '914 Patent.

43.    Defendant Komatsu America has infringed the '914 patent willfully, and in knowing violation of Mr. Hagenbuch's patent rights.

44.    Defendant Komatsu America's aforementioned acts have caused damage to Mr. Hagenbuch and will continue to do so unless and until enjoined.

COUNT THREE-PATENT INFRINGEMENT

U.S. PATENT NO. 5,650,930

45.    Plaintiff Mr. Hagenbuch re-alleges and incorporates herein paragraphs 1-40.

46.    Defendant Komatsu America has directly infringed, induced infringement of, and/or contributed to the infringement of the '930 Patent.

8

47.     Defendant Komatsu America has infringed the '930 patent willfully, and in knowing violation of Mr. Hagenbuch's patent rights.

48.     Defendant Komatsu America's aforementioned acts have caused damage to Mr. Hagenbuch and will continue to do so unless and until enjoined.

**COUNT FOUR-PATENT INFRINGEMENT**

**U.S. PATENT NO. 5,650,928**

49.     Plaintiff Mr. Hagenbuch re-alleges and incorporates herein paragraphs 1-40.

50.     Defendant Komatsu America has directly infringed, induced infringement of, and/or contributed to the infringement of the '928 Patent.

51.     Defendant Komatsu America has infringed the '928 patent willfully, and in knowing violation of Mr. Hagenbuch's patent rights.

52.     Defendant Komatsu America's aforementioned acts have caused damage to Mr. Hagenbuch and will continue to do so unless and until enjoined.

**COUNT FIVE-PATENT INFRINGEMENT**

**U.S. PATENT NO. 5,631,832**

53.     Plaintiff Mr. Hagenbuch re-alleges and incorporates herein paragraphs 1-40.

54.     Defendant Komatsu America has directly infringed, induced infringement of, and/or contributed to the infringement of the '832 Patent.

55.     Defendant Komatsu America has infringed the '832 patent willfully, and in knowing violation of Mr. Hagenbuch's patent rights.

56.     Defendant Komatsu America's aforementioned acts have caused damage to Mr. Hagenbuch and will continue to do so unless and until enjoined.

**COUNT SIX-PATENT INFRINGEMENT**

**U.S. PATENT NO. 5,528,499**

57.     Plaintiff Mr. Hagenbuch re-alleges and incorporates herein paragraphs 1-40.

58.     Defendant Komatsu America has directly infringed, induced infringement of, and/or contributed to the infringement of the '499 Patent.

9

59.  Defendant Komatsu America has infringed the '499 patent willfully, and in knowing violation of Mr. Hagenbuch's patent rights.

60.  Defendant Komatsu America's aforementioned acts have caused damage to Mr. Hagenbuch and will continue to do so unless and until enjoined.

## COUNT SEVEN-PATENT INFRINGEMENT
### U.S. PATENT NO. 5,327,347

61.  Plaintiff Mr. Hagenbuch re-alleges and incorporates herein paragraphs 1-40.

62.  Defendant Komatsu America has directly infringed, induced infringement of, and/or contributed to the infringement of the '347 Patent.

63.  Defendant Komatsu America has infringed the '347 patent willfully, and in knowing violation of Mr. Hagenbuch's patent rights.

64.  Defendant Komatsu America's aforementioned acts have caused damage to Mr. Hagenbuch.

## COUNT EIGHT-PATENT INFRINGEMENT
### U.S. PATENT NO. 4,839,835

65.  Plaintiff Mr. Hagenbuch re-alleges and incorporates herein paragraphs 1-40.

66.  Defendant Komatsu America has directly infringed, induced infringement of, and/or contributed to the infringement of the '835 Patent.

67.  Defendant Komatsu America has infringed the '835 patent willfully, and in knowing violation of Mr. Hagenbuch's patent rights.

68.  Defendant Komatsu America's aforementioned acts have caused damage to Mr. Hagenbuch.

## COUNT NINE-PATENT INFRINGEMENT
### U.S. PATENT NO. 4,831,539

69.  Plaintiff Mr. Hagenbuch re-alleges and incorporates herein paragraphs 1-40.

70.  Defendant Komatsu America has directly infringed, induced infringement of, and/or contributed to the infringement of the '539 Patent.

71. Defendant Komatsu America has infringed the '539 patent willfully, and in knowing violation of Mr. Hagenbuch's patent rights.

72. Defendant Komatsu America's aforementioned acts have caused damage to Mr. Hagenbuch.

## V. EXCEPTIONAL CASE

73. This case is exceptional within the meaning of 35 U.S.C. § 285. Plaintiff Mr. Hagenbuch is entitled to an award of its reasonable attorneys' fees in connection herewith.

## VI. VII. JURY DEMAND

74. Plaintiff Mr. Hagenbuch requests a jury for all issues so triable in connection with this matter.

## VII. REQUEST FOR RELIEF

WHEREFORE, Plaintiff Mr. Hagenbuch respectfully requests that the Court:

A. Award Plaintiff Mr. Hagenbuch past and future damages to compensate for Defendant Komatsu America's breach of contract, including actual and consequential damages;

B. Permanently enjoin Defendant Komatsu America, its agents, servants and employees, and all those in privity with Defendant or in active concert and participation with Defendant, from engaging in acts of infringement of the '914, '930, '928, '832 and the '499 Patents;

C. Award Plaintiff Mr. Hagenbuch damages for the infringement by Defendant Komatsu America of the Patents In Suit in accordance with 35 U.S.C. §284, and increase such award by up to three times the amount found or assessed in accordance with 35 U.S.C. §284;

D. Declare this case exceptional pursuant to 35 U.S.C. §285;

E. Award Plaintiff Mr. Hagenbuch his costs, disbursements, attorneys' fees and such further and additional relief as is deemed appropriate by this Court;

F. Award Plaintiff Mr. Hagenbuch his pretrial and post-judgment interest as provided by law; and

G. Award Plaintiff Mr. Hagenbuch such other and further relief as to which he may be justly entitled, at law or in equity.

Mr. Hagenbuch DEMANDS TRIAL BY JURY.

_____
Robert W. Bach
Attorney for the Plaintiff LeRoy G. Hagenbuch
Illinois Bar No. 3122261
110 S.W. Jefferson
Suite 410
Peoria, IL  61602
Telephone: (309) 673-0100
Facsimile: (309) 674-2644
rbachesq@aol.com

Dated: October 9, 2012

John B. Conklin
Attorney for the Plaintiff LeRoy G. Hagenbuch
LEYDIG, VOIT & MAYER, LTD.
Illinois Bar No. 6184070
180 N. Stetson Ave., Suite 4900
Two Prudential Plaza
Chicago, IL 60601-6731
Telephone: (312) 616-5600
Facsimile: (312) 616-5700
jconklin@leydig.com

CERTIFICATE OF MAILING

I hereby certify that on March 9, 2012, I electronically filed the foregoing pleading with the Clerk of the Court using e-mailing to newcases.peoria@ilcd.uscourts.gov.  I also certify that I will send by electronic mail and first class postage prepaid to:

Mr. Ed Bathelt, VP & General Counsel
Komatsu America Corp.
One Continental Towers, 1701 W. Golf Road
P.O. Box 5049
Rolling Meadows, Illinois 60008
EBathelt@komatsuna.com